UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARA ERESIAN, JR., )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>WILLIAM MANTALVANOS, )<br>)<br>Appellee. )<br>) | Civil Action No.<br>12-30223-FDS |

### AMENDED ORDER OF CIVIL CONTEMPT

SAYLOR, J.

On February 5, 2015, after a hearing, this Court issued an order finding appellant Ara Eresian, Jr., to be in contempt of court for willfully disobeying and disregarding orders of this Court (O'Toole, J.) dated September 20, 2013, and February 10, 2014.[1]  Together, those orders require appellant to pay appellee $1,138.06 in attorneys' fees and costs that were incurred in defending this bankruptcy appeal.

On February 18, 2015, appellant moved for an order vacating the Court's February 5, 2015 contempt order and rescinding the accompanying arrest warrant.  In his motion, appellant stated that he had been unable to attend the hearing on February 5, 2015, due to illness.  He submitted a note from his treating physician to support that contention.  The Court stayed the contempt order and the execution of the arrest warrant pending a hearing on February 23, 2015.

On February 23, 2015, both parties appeared and the Court had a colloquy with Eresian and counsel for appellee regarding the contempt order.  Eresian represented to the Court that

---

[1] Appellant did not appear at the hearing of February 5, 2015.

appellee could obtain payment of the $1,138.06 by making a request to the trustee in the underlying bankruptcy matter, who appellant maintained was authorized to disburse the funds. Based on that representation, the Court continued the contempt proceeding until March 10, 2015.

On March 6, 2015, counsel for appellee filed an affidavit in which he affirmed that the bankruptcy trustee could not release the funds requested, because appellant had filed a notice of appeal of another order of this Court (Woodlock, J.) that dismissed a prior appeal of an order of the bankruptcy court.[2]

On March 10, 2015, both parties appeared before the Court in a continuation of the contempt proceeding. The parties confirmed to the Court that the bankruptcy trustee had not released (and apparently is not authorized to release) the $1,138.06 owed by appellant. Appellant represented to the Court that he was presently "unable" to pay the amount owed.

As previously found by this Court, appellant's deliberate disobedience of the orders of September 20, 2013, and February 10, 2014, has been established by clear and convincing evidence. The record reflects that appellant has made no effort, at any point since February 2014, to pay all or part of the $1,138.06 that he has been ordered to pay appellee. As of the March 10, 2015 hearing, he also had made no effort to demonstrate that he was unable to pay or all or part of the amount owed. For those reasons, the Court lifted the stay of the February 5, 2015 contempt order and reiterated its finding of contempt in open court. It informed appellant that an arrest warrant would issue at 5:00 p.m. on March 11, 2015, unless before that time he had offered sufficient proof of his inability to pay (and thus, his inability to comply with the orders of

---

[2] Appellant has filed five separate appeals in the underlying bankruptcy matter. All five of those appeals have been dismissed, at least three for failure to prosecute. He appealed the first of those five dismissals; that appeal, too, was dismissed for failure to prosecute. His appeal of the latest dismissal (also for failure to prosecute) was filed at 4:30 p.m. of the final day of the appeal period.

September 20, 2013, and February 10, 2014) by that time.

On March 11, 2015, appellant moved to vacate the Court's finding of contempt. He also filed an accompanying affidavit in which he claimed that he is presently unable to comply with the Court's order to pay $1,138.06 to appellee. He swore:

> For the record, I currently do not have access to any funds in any personal bank account, business account, CD's stocks, bonds, mutual funds, annuities, IRA's or other financial accounts and/or instruments in my possession, custody or control to satisfy the Contempt Order.

(Eresian Aff. ¶ 10). He further stated that he has a law degree and that he is "employed on an independent contractor basis as a title examiner as well as . . . performing law clerk duties in the form of legal research on a 'when needed basis' for two attorneys." (*Id.* ¶ 12). With respect to this employment, he swore: "It is this work that I currently derive my income. Currently, such employment is not and has not been on a consistent basis; in other words, there are times when I am needed and busy and others when I am not. Currently, the average weekly revenue from such employment is approximately $300.00 per week." (*Id.*).

Impossibility of compliance is a defense to a motion for civil contempt. *Star Financial Servs., Inc. v. AASTAR Mortg. Corp.*, 89 F.3d 5, 13 (1st Cir. 1996). "[I]n raising this defense, the defendant has a burden of production." *United States v. Rylander*, 460 U.S. 752, 757 (1983). The alleged contemnor "must go beyond a mere assertion of inability and establish that he has made in good faith all reasonable efforts to meet the terms of the court order he is seeking to avoid." *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992) (internal quotation marks omitted); *see also United States v. Hayes*, 722 F.2d 723, 725 (11th Cir. 1984) ("Even if the efforts [the alleged contemnor] did make were 'substantial,' diligent' or 'in good faith,' as the court so characterized them in other sections of

its order, the fact that he did not make 'all reasonable efforts' establishes that Hayes did not sufficiently rebut the . . . prima facie showing of contempt. The court's use of a 'some effort' standard for measuring the strength of Hayes' defense was, therefore, an abuse of discretion.").

Here, appellant has not met the standard for demonstrating inability to comply with a court order. The order to pay attorneys' fees and costs to appellee was issued on September 20, 2013. The bill of costs issued on February 10, 2014. For more than a year, appellant has made no effort to comply with the court order and had not even attempted to offer any evidence of his inability to do so until March 11, 2015.

The affidavit filed on March 11, 2015, does not establish that appellant has made "all reasonable efforts" to comply with the orders of this Court. Appellant stated that he "currently" has no "access" to any funds in "any personal bank account" or various other types of accounts. However, he attached no financial records of any kind and gave no other indication of his overall assets and liabilities. He stated that he earns an average weekly revenue of $300.00 per week, but provided no earnings statements or other means of verifying that figure. In addition, the affidavit is silent as to how or from what income sources appellant meets his daily living expenses, such as food, clothing, rent or mortgage obligations, utilities, or the like. Moreover, the affidavit makes no attempt to account for appellant's income or assets during the period of time between September 20, 2013 (the issuance of the Court order), and March 11, 2015. Appellant has offered no evidence to suggest that he was unable to comply with the order throughout that period.

In his affidavit, appellant also stated that, at the February 23, 2015 hearing, "there was no clear indication and/or guidance on the record by the court as to exactly what the court required

in order to properly assess the defense and thus the respective parties' burdens in this case." (Eresian Aff. ¶ 4). It is not the duty of the Court to serve in the role of attorney or otherwise advise appellant as to how he can meet his obligations or mount an effective defense. Moreover, appellant represented in his affidavit that he has a law degree and he appears to the Court to be an individual of some sophistication. There is no apparent reason why he would be in need of special instructions from this Court as to how defend against a motion for civil contempt.

Finally, it is worth noting that appellant specifically denies that he is indigent. (Eresian Aff. ¶ 8). Finding an indigent party in contempt (and subsequently incarcerating him) for failure to pay an amount ordered by the Court might well be an unjust and pointless exercise. Here, however, appellant claims that he is unable to comply with the Court order because he "currently" has no access to liquid assets.[3] Under the circumstances, an order of civil contempt is clearly warranted.

The Court finds that appellant has not met his burden to demonstrate that he is unable to comply with the orders of September 20, 2013, and February 10, 2014. Accordingly, it finds appellant in civil contempt.

It is therefore ORDERED as follows:

1. Appellee's motion for an order of civil contempt is GRANTED;

2. Appellant's motion to vacate the finding of civil contempt is DENIED;

3. The Court's order of February 5, 2015, is amended as set forth in this Order;

4. The order of February 19, 2015, staying the February 5, 2015 order of contempt

---

[3] To the extent that credibility assessments play any role in evaluating a motion for civil contempt, the Court finds appellant to be utterly without credibility. *See Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1530 (11th Cir. 1992) ("Even more important, however, is the fact that the district court found Weiss's explanations unworthy of belief.").

        and the execution of the accompanying arrest warrant is VACATED;

5.     The arrest warrant as to Ara Eresian, Jr, issued on February 6, 2015, shall be in full force and effect. He shall be incarcerated (1) for a term of 90 days or (2) until he complies with this Court's orders of September 20, 2013, and February 10, 2014, or makes satisfactory arrangements to do so as approved by the Court, whichever period is shorter.

**So Ordered.**

                                                          /s/ F. Dennis Saylor
                                                          F. Dennis Saylor IV
Dated: March 11, 2015                        United States District Judge